[Civ. No. 18760.   First Dist., Div. One.   Oct. 30, 1959.]

JOSEPH E. LONGSTRETH, Petitioner, v. SUPERIOR COURT OF MARIN COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

John E. Thorne for Petitioner.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, John S. McInerny, Deputy Attorney General, and William O. Weissich, District Attorney (Marin), for Respondent and Real Party in Interest.

TOBRINER, J.—The petition of Longstreth for writ of prohibition to restrain the superior court from proceeding further upon the indictment returned against him raises the same factual matters and issues as have been previously discussed in the decision in *Davis* v. *Superior Court, No. 18759, ante,* p. 8 [345 P.2d 513] decided this day.

In addition to the reasons therein set forth we submit a further factor which dispels the force of the indictment against petitioner Longstreth.

Once the indictment is bifurcated into the unpermitted taking on the one hand and the sale and publication of the

manuscript to defraud California of its property rights on the other, the failure of the indictment against petitioner Longstreth becomes quite clear. Petitioner's only connection with the alleged conspiracy emanates from acts subsequent to the taking of the manuscript and wholly concerned with the sale and publication of the book. Indeed, at the hearing, District Attorney Weissich stated, ''[A]nd I repeat, I have never contended nor do I contend either Longstreth or any agent of Prentice-Hall participated in the smuggling.'' Petitioner Longstreth's sole participation then must rest on *ex post facto* and extrastate activities.

We have previously demonstrated that defendants cannot be charged with *ex post facto* liability for a conspiratorial taking in which they did not participate.

In addition, petitioner Longstreth cannot properly be indicted for a conspiracy to commit an extrastate crime: the publication and sale of the book outside of the state. *People* v. *Buffum* (1953), 40 Cal.2d 709 [256 P.2d 317], establishes that the defendants in that case could not properly be convicted of a conspiracy in violation of section 182 to commit abortions in Mexico. The court said: ''The object of defendants' agreement, as alleged in the indictment, was 'to violate section 274, Penal Code of the State of California.' No other unlawful purpose was stated, and defendants, of course, cannot be punished for conspiracy unless the doing of the things agreed upon would amount to a violation of section 274. The statute makes no reference to the place of performance of an abortion, and we must assume that the Legislature did not intend to regulate conduct taking place outside the borders of the state. (See *People* v. *Chapman,* 55 Cal.App. 192, 197 [203 P. 126]; *Foley Bros.* v. *Filardo,* 336 U.S. 281, 284-286 [69 S.Ct. 575, 93 L.Ed. 680]; *American Banana Co.* v. *United Fruit Co.,* 213 U.S. 347, 356-357 [29 S.Ct. 511, 53 L.Ed. 826].) Similarly, section 182 of the Penal Code, standing alone, should not be read as applying to a conspiracy to commit a crime in another jurisdiction.'' (P. 715.) To the same effect, *State* v. *Bennett* (1945), 81 Okla. Crim. 206 [162 P.2d 581].

Citing *Hyde* v. *United States* (1911), 225 U.S. 347 [32 S.Ct. 793, 56 L.Ed. 1114], *In re Morgan* (1948), 86 Cal.App. 2d 217 [194 P.2d 800], and *People* v. *Ware* (1924), 67 Cal. App. 81 at 85 [226 P. 956], respondents attempt to distinguish the Buffum case by claiming that a person outside the state may be held as a coconspirator if overt acts in the course of

the conspiracy are committed in California. The argument begs the question; the point is that, here, the extrastate defendants are not connected in any way with an intrastate conspiratorial act. The indictment therefore fails.

Let a peremptory writ of prohibition issue.

Bray, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied November 25, 1959, and the petition of the Real Party in Interest for a hearing by the Supreme Court was denied December 23, 1959.